MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
DOUGLAS A. SMITH (SBN 290598)
dougsmith@mayerbrown.com
350 S. Grand Ave., 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

DAVID SIMON (*pro hac vice*)
dsimon@mayerbrown.com
1999 K Street, NW
Washington, DC 20006-1101
Telephone: (202) 263-3388
Facsimile: (202) 264-3300

SAMANTHA A. MACHOCK (SBN 298852)
smachock@mayerbrown.com
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2087
Facsimile: (650) 331-2060

*Attorneys for all Defendants*

*Additional counsel listed following the caption pages.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES WARREN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMILE BRANDS INC., SMILE BRANDS FINANCE INC., SMILE BRANDS GROUP INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-09337-DOC-ADS<br><br>**STIPULATION TO CONSOLIDATE CASES UNDER FED. R. CIV. P. 42(a); TO EXTEND TIME; TO SET A BRIEFING SCHEDULE AND EXPAND PAGE LIMITS ON DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT; AND FOR THE INTERIM APPOINTMENT OF LEAD CLASS COUNSEL** |

| | |
|---|---|
| CHRISTINE HELLYER, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>SMILE BRANDS INC.; and CASTLE 1st DENTAL CARE d/b/a BRIGHT NOW! DENTAL – CRYSTAL RIVER,<br><br>          Defendants. | Case No. 8:21-cv-01886-DOC-ADS |
| ANGELICA PONCE, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>SMILE BRANDS INC.; SAHAWNEH DENTAL CORPORATION and DOES 1-50, inclusive,<br><br>          Defendants. | Case No. 8:21-cv-2115-DOC-ADS |
| DESTINEE RICHARD, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>SMILE BRANDS INC.; and DOES 1-50, inclusive,<br><br>          Defendants. | Case No. 8:22-cv-00092-DOC-ADS |

| | | |
|---|---|---|
| 1 | CLAYEO C. ARNOLD LAW FIRM | ROBINSON CALCAGNIE, INC. |
| 2 | M. ANDERSON BERRY (SBN 262879) | DANIEL S. ROBINSON (SBN 244245) |
| | aberry@justice4you.com | drobinson@robinsonfirm.com |
| 3 | GREGORY HAROUTUNIAN (SBN 330263) | WESLEY K. POLISCHUK (SBN 254121) |
| 4 | gharoutunian@justice4you.com | wpolischuk@robinsonfirm.com |
| | ALEX SAUERWEIN (SBN 334830) | MICHAEL W. OLSON (SBN 312857) |
| 5 | asauerwein@justice4you.com | molson@robinsonfirm.com |
| | 865 Howe Avenue | 19 Corporate Plaza Drive |
| 6 | Sacramento, CA 95825 | Newport Beach, CA 92660 |
| | Telephone: (916) 239-4778 | Telephone: (949) 720-1288 |
| 7 | Facsimile: (916) 924-1829 | Facsimile: (949) 720-1292 |

CLAYEO C. ARNOLD LAW FIRM
M. ANDERSON BERRY (SBN 262879)
aberry@justice4you.com
GREGORY HAROUTUNIAN (SBN 330263)
gharoutunian@justice4you.com
ALEX SAUERWEIN (SBN 334830)
asauerwein@justice4you.com
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829

KEEGAN & BAKER, LLP
PATRICK N. KEEGAN (SBN 167698)
pkeegan@keeganbaker.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Telephone: (760) 929-9303
Facsimile: (760) 929-9260

*Attorneys for Plaintiff Charles Warren*

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq.
ak@kazlg.com
Mona Amini
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff Angelica Ponce*

ROBINSON CALCAGNIE, INC.
DANIEL S. ROBINSON (SBN 244245)
drobinson@robinsonfirm.com
WESLEY K. POLISCHUK (SBN 254121)
wpolischuk@robinsonfirm.com
MICHAEL W. OLSON (SBN 312857)
molson@robinsonfirm.com
19 Corporate Plaza Drive
Newport Beach, CA 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

MORGAN & MORGAN COMPLEX LITIGATION GROUP
JOHN A. YANCHUNIS (*pro hac vice forthcoming*)
jyanchunis@ForThePeople.com
RYAN D. MAXEY (*pro hac vice forthcoming*)
rmaxey@ForThePeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 275-5272
Facsimile: (813) 222-4736

*Attorneys for Plaintiff Destinee Richard*

GREEN & NOBLIN
ROBERT GREEN (SBN 136183)
rsg@classcounsel.com
JAMES ROBERT NOBLIN (SBN 114442)
jrn@classcounsel.com
EMRAH M. SUMER (SBN 329181)
ems@classcounsel.com
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

FEDERMAN & SHERWOOD
WILLIAM B. FEDERMAN (*pro hac vice forthcoming*)
wbf@federmanlaw.com
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112

*Attorneys for Plaintiff Christine Hellyer*

Pursuant to Federal Rule of Civil Procedure 42(a) governing consolidation, the parties in the four above-captioned actions,[1] by and through their respective counsel of record, hereby stipulate to consolidate *Warren*, *Hellyer*, *Ponce*, and *Richard* (collectively, the "Actions") for all purposes.

Pursuant to Federal Rule of Civil Procedure 23(g), the parties further stipulate to the appointment of interim class counsel, under the leadership structure proposed herein.

Because Plaintiffs will be filing a consolidated complaint, the Parties further stipulate to extend the deadline for Defendants to respond to the complaints in the above-captioned Actions, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), to 30 days after the consolidated complaint is filed; and to a briefing schedule on Defendants' forthcoming motion to dismiss the consolidated complaint, as set forth herein.

Pursuant to Local Rule 11-6, the parties further stipulate to expand the page limits for their briefing on Defendants' forthcoming motion to dismiss the forthcoming consolidated complaint.

## CONSOLIDATION

WHEREAS, *Hellyer* was filed in this Court on November 16, 2021, where it remains pending;

WHEREAS, *Warren* was removed to this District from the Superior Court of California for Los Angeles County, on December 1, 2021, and was transferred to this

---

[1] Plaintiff Charles Warren and Defendants Smile Brands Inc., Smile Brands Group Inc., and Smile Brands Finance Inc. in *Warren v. Smile Brands Inc.*, No. 21-cv-09337-DOC-ADS (C.D. Cal.) ("*Warren*"); Plaintiff Christine Hellyer and Defendants Smile Brands Inc. and Castle 1st Dental Care, P.A., d/b/a Bright Now! Dental – Crystal River in *Hellyer v. Smile Brands, Inc.*, No. 8:21-cv-01886-DOC-ADS ("*Hellyer*"); Plaintiff Angelica Ponce and Defendants Smile Brands Inc. and Sahawneh Dental Corp. in *Ponce v. Smile Brands Inc.*, No. 8:21-cv-2115-DOC-ADS ("*Ponce*"); and Plaintiff Destinee Richard and Defendant Smile Brands Inc. in *Richard v. Smile Brands Inc.*, No. 8:22-cv-00092-DOC-ADS ("*Richard*") (collectively, the "Parties" and "Actions").

Court on December 6, 2021, on the grounds that it is related to *Hellyer*;[2]

WHEREAS, *Ponce* was removed to this District from the Superior Court of California for the County of Orange on December 23, 2021, and transferred to this Court on January 18, 2022, on the grounds that it is related to *Hellyer* and *Warren*;[3]

WHEREAS, *Richard* was removed to this District from the Superior Court of California for the County of Orange on January 19, 2021, and transferred to the Court on January 25, 2022 on the grounds that it is related to *Hellyer*, *Warren*, and *Ponce*;[4]

WHEREAS, pursuant to Federal Rule of Civil Procedure 42(a), the Court may consolidate actions and "issue any other orders to avoid unnecessary cost or delay" if the actions "involve a common question of fact or law";

WHEREAS, the Parties agree that the actions "involve a common question of fact or law" because (i) the Actions are premised on the same alleged ransomware attack on Smile Brands Inc. ("SBI"), and all name SBI as a Defendant in their complaints;[5] (ii) the plaintiffs in all Actions claim to be patients who received treatment at an SBI-affiliated dental practice and whose Protected Health Information ("PHI") and Personally Identifiable Information ("PII") was allegedly compromised as a result of the alleged ransomware attack;[6] and (iii) Plaintiffs allege numerous overlapping claims, as discussed further below;

---

[2] S*ee* Order re Transfer Pursuant to General Order 21-01 (Related Cases), *Warren v. Smile Brands, Inc.*, No. 2:21-cv-09337-MWF (AFMx) (C.D. Cal.) (Dec. 6, 2021) [ECF 17].

[3] Order re Transfer Pursuant to General Order 21-01 (Related Cases), *Ponce v. Smile Brands Inc.*, No. 8:21-cv-2115-CJC (DFMx) (C.D. Cal.) (Jan. 18, 2022) [ECF 21].

[4] Order re Transfer Pursuant to General Order 21-01 (Related Cases), *Richard v. Smile Brands Inc.*, No. 8:22-cv-00092-DOC-ADS (C.D. Cal.) (Jan. 25, 2022) [ECF 15].

[5] *See Warren* Compl. ¶ 13; *Hellyer* Compl. ¶¶ 4–6, 14; *Ponce* Compl. ¶¶ 13, 42, 106; and *Richard* Compl. ¶¶ 1, 12, 27–35.

[6] *See Warren* Compl. ¶ 13; *Hellyer* Compl. ¶¶ 4–6, 14; *Ponce* Compl. ¶¶ 13, 42, 106; and *Richard* Compl. ¶ 18.

WHEREAS, the Court has likewise already found, in its Orders relating *Warren*, *Ponce*, and *Richard* that the Actions arise from the same or closely related transactions, happenings, or events, and call for determination of the same or substantially related or similar questions of law and fact (*see* nn. 2–4);

WHEREAS, Rule 42(a)'s requirement that the Actions "involve a common question of law or fact" is therefore satisfied, and "consolidation is favored," *Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064-65 (C.D. Cal. 1999);

WHEREAS, that threshold showing having been established, "[the] court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Toyo Tire & Rubber Co., Ltd v. Wheel Grp. Holdings, LLC*, 2016 WL 11525318, at *1 (C.D. Cal. Oct. 26, 2016) (quotation marks and citation omitted). In particular, "[i]n addressing whether or not to consolidate, a court should consider: (1) the risk of delaying trial, (2) the risk of prejudice and confusion; and (3) the potential burden on the parties, witnesses, and available judicial resources." *Id.* (citations omitted).

WHEREAS, the Parties agree that these factors all weigh in favor of consolidation for all purposes. *First*, consolidation would not unduly delay trial of any Plaintiffs' claims because the Actions have just commenced and Defendants have not yet responded to the complaints in any of the Actions. *Second*, consolidation would not cause prejudice or confusion, given that the Actions arise from the same alleged event, allege overlapping claims, and are at the same procedural stage; in fact, the *failure* to consolidate could lead to inconsistent resolution of similar issues, which this Court has recognized "strongly weighs in favor of consolidation." *Id. Third*, consolidation would greatly reduce the "potential burden on the parties, witnesses, and available judicial resources," because, if the Actions are not consolidated, Defendants would be forced to bring substantially similar motions to dismiss (and

other motions) in all four actions; and the Court would likewise have to issue separate, often duplicative orders resolving similar motions, case management issues, and scheduling requests in four actions instead of one. Thus, "interests of judicial efficiency" weigh strongly in favor of consolidation. *Id.*

WHEREAS, given the substantially related or similar questions of law and fact presented in these four Actions, the Parties agree that it will be most efficient, and not inconvenient or prejudicial, to consolidate the four cases. *Id.* (granting consolidation when judicial efficiencies and the risk of inconsistent verdicts favor consolidation).

## INTERIM APPOINTMENT OF LEAD AND LIAISON CLASS COUNSEL

WHEREAS, Plaintiffs in all actions have conferred and agree that consolidation of all actions is appropriate, and respectfully request that, consistent with Rule 23(g), the following self-organized Plaintiffs' leadership structure be appointed by the Court:

1. Interim co-lead class counsel: John Yanchunis of Morgan & Morgan, John Federman of Federman & Sherwood, and Abbas Kazerounian of Kazerouni Law Group APC.
2. Interim co-liaison class counsel: Daniel S. Robinson of Robinson Calcagnie, Inc. and Patrick Keegan of Keegan & Baker LLP.

WHEREAS, the curriculum vitae for each of the above-named counsel is attached hereto as Exhibits 1–5.

WHEREAS, the parties stipulate and agree that the above-named counsel satisfy the requirements for appointment under Rule 23(g) and jointly request their appointment.

## BRIEFING SCHEDULE FOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT

WHEREAS, Defendants' responses to the complaints in *Warren*, *Hellyer*, and *Ponce* are due on February 1, 2022.[7] And Defendant SBI's response in *Richard* is due on February 25, 2022;

WHEREAS, pursuant to Federal Rule of Civil Procedure 6(b)(1), the Court "may, for good cause, extend the time" for Defendants to respond to the Complaint, *see, e.g.*, *Fromm v. Wells Fargo Bank, N.A.*, 2018 WL 6977428, at *2 (C.D. Cal. Oct. 25, 2018) ("[T]here is good cause to extend [Defendant's] deadline to respond to Plaintiff's Complaint.");

WHEREAS, the Parties hereby agree and stipulate that Plaintiffs shall file a consolidated complaint 30 days after the Court's appointment of interim class counsel;

WHEREAS, the parties agree that Defendants shall have until 30 days after Plaintiffs' deadline to file their consolidated complaint to file a motion to dismiss the consolidated complaint; that Plaintiffs' opposition shall be due 30 days after Defendants' motion; and that Defendants' reply shall be due 30 days after Plaintiffs' opposition.

WHEREAS, Defendant requires significant and sufficient time to investigate the allegations in the forthcoming consolidated complaint, which could have at least

---

[7] The Court previously granted the Parties' stipulations to extend the complaint response deadlines for *Warren*, *Hellyer*, and *Ponce* to February 1, 2022. *See* Order Granting Extension of Time for All Defendants to Respond to Plaintiff's Complaint, *Warren*, No. 2:21-cv-09337-DOC-ADS (C.D. Cal. Dec. 6, 2021) [ECF 18]; Order Granting Extension of Time for All Defendants to Respond to Plaintiff's Complaint, *Hellyer*, No. 8:21-cv-01886-DOC-ADS (C.D. Cal. Dec. 15, 2021) [ECF 21]; Order Granting Extension of Time for All Defendants to Respond to Plaintiff's Complaint, *Ponce*, No. 8:21-cv-02115-DOC-ADS (C.D. Cal. Dec. 29, 2021) [ECF 18]. The parties in *Richard* stipulated to a thirty-day extension of the complaint response deadline, which was effective immediately upon filing pursuant to Local Rule 8-3. *Richard*, Joint Stipulation to Extend Time to Respond to Plaintiff's Complaint, No. 8:22-cv-00092-DOC-ADS (C.D. Cal. Jan. 25, 2022) [ECF 14].

twelve claims if all the unique causes of action in each of the existing complaints are included;

WHEREAS, the parties agree that the proposed schedule will not prejudice either Party or affect any Court-imposed deadlines because no scheduling order has been entered in any of the Actions by this Court.

## PAGE LIMITS FOR MOTION TO DISMISS BRIEFING

WHEREAS, per Local Rule 11-6 and unless ordered otherwise, the default page limit for the parties' memoranda of points of authorities shall not exceed 25 pages in length, excluding indices and exhibits;

WHEREAS, a court may grant the Parties leave to exceed the 25-page limit upon a showing of "good cause." *See, e.g., Carlsson v. U.S. Citizenship & Immigr. Servs.*, 2012 WL 4758118, at *1 n.1 (C.D. Cal. Oct. 3, 2012) (granting page limit increase);

WHEREAS, good cause exists to grant the Parties' stipulated request: the claims for these cases are predicated on SBI's alleged action or inaction with respect to safeguarding the plaintiffs' information, and total at least twelve distinct causes of action based on the current complaints; the Parties' briefing will also have to address the unique factual circumstances of all four Plaintiffs, as well as complex issues regarding the ransomware attack on Defendant SBI.

WHEREAS, to address the foregoing adequately for the Court, the Parties agree that the 25-page limit under the Local Rules should be increased by 5 pages, to 30 pages for Defendants' memorandum in support of its motion to dismiss and 30 pages for Plaintiffs' memorandum in opposition to the motion to dismiss.[8]

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that:

---

[8] Defendants reserve the right to seek more pages, if needed, for their reply memorandum.

6
STIPULATION TO CONSOLIDATE CASES PURSUANT TO FED. R. CIV.P. 42(A); TO EXTEND TIME; TO SET A BRIEFING SCHEDULE AND EXPAND PAGE LIMITS FOR DEFS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT; AND THE INTERIM APPOINTMENT OF LEAD CLASS COUNSEL; CASE NOS. 2:21-cv-09337-DOC-ADS, 8:21-cv-01886-DOC-ADS, 8:21-cv-2115-DOC-ADS, 8:22-cv-00092-DOC-ADS

1. *Warren*, *Ponce*, *Hellyer*, and *Richard* shall be consolidated for all purposes;

2. The following counsel are appointed under Rule 23(g) as interim co-lead class counsel: John Yanchunis of Morgan & Morgan, John Federman of Federman & Sherwood, and Abbas Kazerounian of Kazerouni Law Group APC.

3. The following counsel are appointed under Rule 23(g) as interim co-liaison class counsel: Daniel S. Robinson of Robinson Calcagnie, Inc. and Patrick Keegan of Keegan & Baker LLP.

4. Plaintiffs are directed to file a consolidated complaint 30 days after the appointment of interim class counsel;

5. Defendants' current deadlines to respond to the complaints in the Actions shall be extended to, and Defendants shall file a motion to dismiss the consolidated complaint by, 30 days after the deadline to file the consolidated complaint; Plaintiffs shall have until 30 days after Defendants' motion to file their opposition; and Defendants shall have 30 days after Plaintiffs' opposition to file their reply.

6. The page limits for Defendants' memorandum in support of and Plaintiffs' opposition to the motion to dismiss the consolidated complaint shall be expanded by 5 pages, to 30 pages each.

**IT IS SO STIPULATED**

|  |  |  |
|---|---|---|
| 1 | Dated: January 28, 2022 | Respectfully submitted, |
| 2 |  | MAYER BROWN LLP |
| 3 |  | By: /s/ *John Nadolenco* |
|  |  |      John Nadolenco |
| 4 |  |  |
| 5 |  | Attorneys for Defendant Smile Brands Inc., Smile Brands Finance Inc., Smile Brands Group Inc., Castle 1st Dental, Sahawneh Dental |
| 6 |  |  |
| 7 |  | I, John Nadolenco, attest that all other signatories below, and on whose behalf this filing is also submitted, concur in the filing's content and have authorized the filing. |
| 8 |  |  |
| 9 |  |  |
| 10 | Dated: January 28, 2022 | KEEGAN & BAKER LLP |
| 11 |  | By: /s/ *Patrick Keegan* |
|  |  |      Patrick Keegan |
| 12 |  | *Attorneys for Plaintiff Charles Warren* |
| 13 | Dated: January 28, 2022 | GREEN & NOBLIN |
| 14 |  | By: /s/ *William B. Federman* |
| 15 |  |      William B. Federman |
| 16 |  | *Attorneys for Plaintiff Christine Hellyer* |
| 17 | Dated: January 28, 2022 | KAZEROUNI LAW GROUP, APC |
| 18 |  | By: /s/ *Abbas Kazerouni* |
|  |  |      Abbas Kazerouni |
| 19 |  | *Attorneys for Plaintiff Angelica Ponce* |
| 20 | Dated: January 28, 2022 | MORGAN & MORGAN COMPLEX LITIGATION GROUP |
| 21 |  |  |
| 22 |  | By:/s/ *John A. Yanchunis* |
|  |  |      John A. Yanchunis |
| 23 |  | *Attorneys for Plaintiff Destinee Richard* |
| 24 | Dated: January 28, 2022 | ROBINSON CALCAGNIE, INC. |
| 25 |  | By:/s/ *Daniel S. Robinson* |
| 26 |  |      Daniel S. Robinson |
| 27 |  | *Attorneys for Plaintiff Destinee Richard* |
| 28 |  |  |

8

STIPULATION TO CONSOLIDATE CASES PURSUANT TO FED. R. CIV.P. 42(A); TO EXTEND TIME; TO SET A BRIEFING SCHEDULE AND EXPAND PAGE LIMITS FOR DEFS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT; AND THE INTERIM APPOINTMENT OF LEAD CLASS COUNSEL; CASE NOS. 2:21-cv-09337-DOC-ADS, 8:21-cv-01886-DOC-ADS, 8:21-cv-2115-DOC-ADS, 8:22-cv-00092-DOC-ADS